478 A.2d 1370

Stanley R. SKLADANEK

v.

Pauline A. SKLADANEK, Appellant.

Superior Court of Pennsylvania.

Argued April 11, 1984.

Filed July 20, 1984.

Herman M. Rodgers, Sharon, for appellant.

Peter C. Acker, Sharon, for appellee.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

On December 7, 1981 Appellant, Pauline A. Skladanek, and Appellee, Stanley R. Skladanek, were granted a divorce in a bifurcated proceeding. Prior to the divorce both parties signed affidavits of consent which provided in paragraph 5 that "at anytime, prior to the expiration of one (1) year from and after the entry of a Final Decree in Divorce, either party to this action shall have the right to litigate a claim for alimony, equitable distribution of marital property and for any other right or claim cognizable under the

Divorce Code." (Appellant's Affidavit of Consent filed 12/7/81)

At the time the divorce was granted both parties had already responded to written interrogatories seeking personal financial information. Less than three months later on March 3, 1982 Appellant filed with the trial court a document entitled "Financial Statement of Assets and Debts of Pauline Skladanek." The obvious purpose of the filing of this document was to provide the court with information to assist it in the permanent alimony and equitable distribution phases of the case.

Thereafter on March 5, 1982 Appellant filed a Notice of Taking Deposition of Samuel Messina, the Personnel Practices Supervisor for Appellee's employer, Westinghouse Electric Corporation. The deposition, originally scheduled for April 8, 1982, was changed to April 6, 1982 for the convenience of counsel. Mr. Messina appeared for the deposition on April 6, 1982 but no testimony was taken. Apparently Appellee's counsel objected to the taking of the deposition because leave of court had not been obtained to take the deposition and because the deponent, Mr. Messina, did not have the express authorization of Appellee to testify as to matters at that deposition. (N.T. 1/31/83 at 4) A short time later the proper authorization form signed by Appellee was delivered to Appellant's counsel. (N.T., 1/31/83 at 5)

On January 5, 1983 Appellant filed a Motion for Hearing with the trial court asking the court to set a date "for a hearing on the question of permanent alimony and equitable distribution." A hearing on the motion was scheduled for January 31, 1983. At that hearing counsel for Appellee objected, arguing that further action in the case was barred by the Appellant's affidavit of consent. (N.T., 1/31/83 at 1-2)

The trial court on May 19, 1983 refused the motion for a hearing on the question of permanent alimony and equitable distribution based on its belief that Appellant took no action within one year from the divorce decree to litigate her claim

concerning alimony and equitable distribution. Because we disagree with the trial court's conclusion, we reverse and remand for a hearing on the alimony and equitable distribution questions.

The sole issue before this court is whether the action taken by Appellant during the one year period following the issuance of the final divorce decree on December 7, 1981 can be considered "litigation" so as to toll the parties' agreed upon period of limitation. In reviewing this issue, we are mindful that one of the stated purposes of the Divorce Code (Act of April 2, 1980, P.L. 63, No. 26, § 101 et seq.; 23 P.S. § 101 et seq.) is to "[e]ffectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination of their property rights". 23 P.S. § 102(a)(6). Black's Law Dictionary (5th ed. 1979) defines "litigation" as "[a] lawsuit. Legal action, including all proceedings therein. Contest in a court of law for the purpose of enforcing a right or seeking a remedy. A judicial contest, a judicial controversy, a suit at law."

When the affidavits of consent had been executed by the parties, this case had already been a "judicial controversy" and a "suit at law". What then was required by the parties to demonstrate further action to litigate the questions of alimony and equitable distribution? We believe that the filing of any documents or pleadings with the court for the purpose of attaining permanent alimony or equitable distribution would evidence further action to litigate in this case.

Instantly two such documents were filed within one year of the divorce decree; the Financial Statement of Assets and Debts of Pauline Skladanek on March 3, 1982 and the Notice of Taking Deposition of Samuel Messina on March 25, 1982. Both these documents represent preliminary steps taken by Appellant to secure alimony and for equitable distribution and the filing of each of these documents must be considered part of the instant proceeding under the Divorce Code. (23 P.S. § 101 et seq.) The Financial State-

ment of Assets and Debts of Pauline Skladanek showing absolutely no financial assets and a single debt of $1,500 would surely support her claim for permanent alimony under Section 501 of the Divorce Code (23 P.S. § 501) and could also be useful in Appellant's attempt to secure the equitable distribution of marital property under Section 401 (23 P.S. § 401).

The Notice of Taking Deposition, which complied in every respect with Pa.R.C.P. 4007.2, was also a preliminary step in Appellant's quest for equitable distribution. By scheduling the deposition of a personnel officer of Appellee's employer, counsel for Appellant was attempting to obtain certain financial information regarding Appellee's compensation and retirement benefits. The trial court, in its opinion, indicated that had the scheduled deposition of Samuel Messina been held, "that would have been enough under paragraph 5 [of Appellant's consent affidavit] to amount to litigating the claim". (Opinion, 5/19/83 at 4) The trial court instead found the taking of the deposition of Samuel Messina was abandoned and that the abortive effort accomplished nothing. (Opinion, 5/19/83 at 5). While we agree that the Appellant abandoned attempts to depose Mr. Messina, it does not necessarily follow that Appellant intended to abandon her claim for permanent alimony or equitable distribution. Although the record is silent on this point, the deposition of Mr. Messina may not have been necessary once Mr. Messina received authorization to release information pertinent to Appellee. We cannot agree with the trial court's conclusion that the scheduled deposition accomplished nothing.

Appellant continued to litigate her claim for permanent alimony and/or equitable distribution during the one year period following the divorce decree. Paragraph 5 of Appellant's consent affidavit is not a bar to continued litigation. We reverse and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.

POPOVICH, J., noted his dissent.